# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### Case No. 5:23-CV-00411-FL

| | |
|---|---|
| **TRAVIS P. SASSER,** | ) |
| | ) |
| **Appellant,** | ) |
| **v.** | ) |
| | ) |
| **MICHAEL BURNETT,** | ) |
| **TRUSTEE, AND BRIAN C. BEHR,** | ) |
| **BANKRUPTCY** | ) |
| **ADMINISTRATOR,** | ) |
| | ) |
| **Appellees.** | ) |

---

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

---

## BRIEF OF APPELLEES

---

**This, the 18th day of October, 2023.**

By:

By:

By:

*Michael B. Burnett, Trustee*
Michael B. Burnett
Chapter 13 Trustee
N.C. State Bar No. 42719
P.O. Box 61039
Raleigh, NC 27661-1039
Tel: 919-876-1355
mburnett@ralch13.com

*Brian C. Behr, Bankruptcy Administrator*
Brian C. Behr, Bankruptcy Administrator
NC State Bar No. 36616
Kirstin E. Gardner, Staff Attorney
N.C. State Bar No. 52144
434 Fayetteville Street, Suite 640
Tel: 919-334-3889
brian_behr@nceba.uscourts.gov
kirstin_gardner@nceba.uscourts.gov

# TABLE OF CONTENTS

EXCLUSIONS PERMITTED BY FED. R. BANKR. P. 8014(b)........................... 1

STATEMENT OF THE CASE ................................................................ 1

STANDARD OF REVIEW..................................................................... 1

STATEMENT OF THE ISSUE PRESENTED ........................................ 2

STATEMENT OF THE CASE ............................................................... 2

SUMMARY OF THE ARGUMENT.................................................... 12

ARGUMENT ................................................................................... 12

I.   THE BANKRUPTCY COURT DID NOT ERR IN SANCTIONING THE APPELLANT FOR ASSISTING AND ADVISING THE DEBTOR TO VIOLATE COURT ORDERS AND THE LOCAL RULE................................ 12

  A.  The Property was not exempted from the bankruptcy estate and was "non-exempt" for purposes of the Local Rule........................................ 12

  B.  THE APPELLANT HAS WAIVED ANY ARGUMENT RELATING TO THE BANKRUPTCY COURT'S SANCTION UNDER FED. R. BANKR. P. 9011.......................................................................................... 17

CONCLUSION ................................................................................. 18

CERTIFICATE OF COMPLIANCE ................................................... 19

STATEMENT REGARDING ORAL ARGUMENT ............................. 19

CERTIFICATE OF SERVICE............................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207 (4th Cir. 1988).................... 2

*In re Pulliam*, No. 19-03887-5-DMW, 2020 WL 1860113 (Bankr. E.D.N.C. April 13, 2020) .................................................................................................. 16

*In re Stephen Beasley*, No. 21-02322-5-PWM (Bankr. E.D.N.C.

filed April 20, 2023) ................................................................. 11, 12

*In re Taylor*, 655 F.3d 274 (3d Cir. 2011) ............................................... 18

*In re White*, 487 F.3d 199 (4th Cir. 2007) .............................................. 2

*Lynch v. Jackson*, 845 F.3d 147 (4th Cir. 2017) ........................................ 3

*Paramount Home Entm't, Inc. v. Circuit City Stores, Inc.*,

445 B.R. 521, 527 (E.D. Va. 2010) ...................................................... 1

*Reeves v. Callaway*, 546 Fed. Appx. 235 (4th Cir. 2013) ...................... 14, 15, 16

*Schwab v. Reilly*, 560 U.S. 770 (2010) ............................................. 15, 16

*Suarez-Valenzuela v. Holder*, 714 F.3d 241 (4th Cir. 2013) ........................... 17

*United States v. Al-Hamdi*, 356 F.3d 564 .............................................. 17

**Statutes**

11 U.S.C. § 1302 ......................................................................... 2

11 U.S.C. § 1306(a) ...................................................................... 13

11 U.S.C. § 1325(a)(4) ................................................................... 15

11 U.S.C. § 522(b) ....................................................................... 13

11 U.S.C. § 522(d) ....................................................................... 13

11 U.S.C. § 541 ...................................................................... 13, 15

11 U.S.C. § 1327 .......................................................................... 8

11 U.S.C. § 363 ........................................................................... 4

11 U.S.C. § 704(b) ........................................................................ 6

Judicial Improvements Act of 1990 § 317(b), Pub. L. No. 101-650, 104 Stat. 5089
(1990) ................................................................................................... 3

N.C. Gen. Stat. § 1C-1601(a)(1) ........................................................... 3, 13, 14, 16

**Other Authorities**

FED. R. BANKR. P. 9011(b) ...................................................................... 20

## BRIEF OF THE CHAPTER 13 TRUSTEE AND U.S. BANKRUPTCY ADMINISTRATOR – APPELLEES

NOW COME Appellees, Brian C. Behr, U.S. Bankruptcy Administrator, and Michael B. Burnett, Chapter 13 Standing Trustee, and hereby file this brief in response to the Brief of Appellant, filed on behalf of Travis P. Sasser on September 1, 2023.

## EXCLUSIONS PERMITTED BY FED. R. BANKR. P. 8014(b)

Pursuant to FED. R. BANKR. P. 8014(b), this Brief does not include a jurisdictional statement because the Appellees are satisfied with such statement as provided in the Brief of Appellant.

## STATEMENT OF THE CASE

In the face of misconduct by the Appellant, the bankruptcy court properly exercised its authority to police the practice of law before it. The bankruptcy court's order was not an abuse of its discretion and should be affirmed.

## STANDARD OF REVIEW

When reviewing a decision of the bankruptcy court, the U.S. District Court sits as an appellate court and applies the same standards as the U.S. Court of Appeals. *Paramount Home Entm't, Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 527 (E.D. Va. 2010) A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous and conclusions of law are reviewed de novo. See *In re White*, 487 F.3d

1

199, 204 (4th Cir. 2007). A bankruptcy court's imposition of sanctions is reviewed for abuse of discretion. *La Rouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1140 (4th Cir. 1986). The "decision to impose sanctions is entitled to substantial deference. *See*, *Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207, 210 (4th Cir. 1988).

## STATEMENT OF THE ISSUE PRESENTED

Whether the bankruptcy court erred in assessing sanctions against the Appellant for assisting the Debtor in violating Orders of the court, a Local Rule, and for filing a misleading document with the court.

## STATEMENT OF THE FACTS

The Appellant represented Christine M. Sugar ("Ms. Sugar" or "Debtor") in a case under chapter 13 of title 11 of the United States Code[1] filed in the Eastern District of North Carolina on September 18, 2019, which was assigned Case Number 19-04279-5-DMW. (D.E. 1).[2] John F. Logan was thereafter appointed to serve as trustee and fulfill the duties under § 1302. (D.E. 8). Michael B. Burnett was appointed successor trustee ("Trustee") on January 3, 2023. (D.E. 68).

---

[1] Hereinafter, title 11 of the United States Code will be referred to as "the Bankruptcy Code," or "the Code." All citations with only a § symbol refer to a section or subsection of the Bankruptcy Code, as indicated. References to chapter 13 mean 11 U.S.C. § 1301, *et. seq*.

[2] All references to "D.E." are to specific enumerated entries on the bankruptcy court docket which appears in its entirety as Document 9 with this Court on appeal.

2

Brian C. Behr was appointed United States Bankruptcy Administrator ("Bankruptcy Administrator") for the Eastern District of North Carolina on May 4, 2022. "The Bankruptcy Administrator 'may raise and may appear and be heard on any issue in any case under title 11, United States Code, but may not file a plan pursuant to section 1121(c) of such title.' Judicial Improvements Act of 1990 § 317(b), Pub. L. No. 101-650, 104 Stat. 5089 (1990). The Bankruptcy Administrator acts to prevent fraud and abuse in bankruptcy proceedings. See 11 U.S.C. § 704(b); H.R. Rep. No. 95-595, at 88, reprinted in 1978 U.S.C.C.A.N. 5963, 6049." *Lynch v. Jackson*, 845 F.3d 147, 149 n.1 (4th Cir. 2017).

At the time of filing her petition, the Debtor owned real property ("Property") located at 3948 Wendy Lane in Raleigh, North Carolina. (D.E. 1). On the date Ms. Sugar filed her petition, the Property had a value of $150,000.00. (D.E. 1). Ms. Sugar's schedules indicated the Property had equity above secured claims in the amount of $32,348.81; Ms. Sugar claimed this entire amount as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(1). (D.E. 1).

On September 20, 2019, the bankruptcy court entered and served on the Debtor and the Appellant an Order and Notice which established certain prohibitions on the Debtor's conduct as a Chapter 13 debtor during the pendency of her bankruptcy case. A similar order is entered in all Chapter 13 cases in the Eastern District of North Carolina. (D.E. 8). Paragraph 10 of the Order and Notice to Debtor

states: "Disposition of Property: You must not dispose of any non-exempt property having a fair market value of more than $10,000.00 by sale or otherwise without prior approval of the trustee and an order of this court." (D.E. 8).

The Debtor, with the assistance of the Appellant, filed a Chapter 13 Plan ("Plan") on September 18, 2019. (D.E. 2). The Plan proposed 60 monthly payments to the Trustee of $203.00, for a total of $12,180.00. (D.E. 2). The payments proposed under the Plan did not pay allowed claims in full. The Plan also proposed in Section 7.1 that property of the bankruptcy estate would vest with Ms. Sugar upon confirmation. (D.E. 2). Section 7.2 of the Plan further proposed the following: "The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules." (D.E. 2). Within Section 8.1 of the Plan, the Debtor included, as a non-standard provision, language which restricted her use of any proceeds of sale she would receive from the sale of property: "The Debtor shall be permitted to receive all net proceeds from the sale of vested property and/or exempt property that is sold during the pendency of the case. This provision shall not prejudice and/or impact the rights of parties pursuant to 11 U.S.C. 1329." (D.E. 2).

The bankruptcy court entered an order confirming the Plan ("Confirmation Order") on November 22, 2019. (D.E. 12). The Confirmation Order contained additional prohibitions on the Debtor's disposition of property: "the debtor(s) shall

not transfer any interest in real property without prior approval of the court except as provided in Local Bankruptcy Rule 4002-1(g)(4)." (D.E. 12). Local Bankruptcy Rule 4002-1(g)(4) requires that "after the filing of the petition and until the plan is completed, the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000.00 by sale or otherwise without prior approval of the trustee and an order of the court." E.D.N.C. LBR 4002-1(g)(4) ("Local Rule").

After confirmation of the Plan, on April 12, 2023, the Debtor entered into a contract to sell the Property. Tr. 19:9-20 (August 17, 2022). Appellant became aware of the offer to purchase on June 7, 2022, when the Debtor sent him an email requesting assistance with obtaining the payoff numbers from Arvest Central Mortgage Company ("Mortgage Holder"). Tr. 22:13 – 25:14 (August 17, 2022).

On June 9, 2022, the Bankruptcy Administrator filed a motion requesting the bankruptcy court conduct a status conference. (D.E. 20). The Bankruptcy Administrator filed this motion after being alerted that the Debtor was potentially selling real property without first seeking a court order as was required by both the Debtor's Plan, the Order Confirming the Debtor's Plan, the Order and Notice, and the Local Rule. (D.E. 20). The court scheduled a status conference to be held on June 29, 2022. (D.E. 22). On June 10, 2022, the Debtor, with the assistance of the Appellant, filed a Motion to Sell Property ("Sale Motion"). (D.E. 23). The Sale Motion disclosed that the Debtor had contracted to sell the Property for $222,000.00

and requested relief from the court "**that she be permitted to sell the Property**…". (D.E. 23) (**emphasis added**).

On June 20, 2022, Appellant filed a document withdrawing the Sale Motion ("Withdrawal Motion"). (D.E. 30). The Withdrawal Motion, in its entirety, stated the following: "Now comes the Debtor, by and through undersigned counsel, and withdraws the Motion to Sell Property she filed on June 10, 2022 under docket entry 23 and requests that this matter be removed from the court's July 7, 2022 calendar." (D.E. 30). On the same day, Appellant emailed a closing statement, relating to the sale of Property, to both the Trustee's office and the Bankruptcy Administrator's office.

On June 20, 2022, the Debtor emailed the Appellant regarding potential options for her bankruptcy case now that the Property had been sold. Within this email, the Appellant advised the Debtor she had the following options: "1. Stay in the case and keep paying the amount you are presently; 2. Dismiss the case. I don't think this is a good option; 3. Convert the case from chapter 13 to chapter 7. I don't think this is a good option; 4. Pay off the plan. The base balance is $5,481.00; or 5. Modify the plan. However, I don't think this is a good option." Tr. 25:4-25 (August 17, 2022), Order on Appeal p. 5. The Debtor acknowledged reading this email and then paying off the balance of payments due under her chapter 13 Plan. Tr. 25:4-25 (August 17, 2022).

On June 29, 2022, the bankruptcy court conducted a hearing on the Bankruptcy Administrator's motion for a status conference. (D.E. 32). The Appellant appeared at the hearing on behalf of the Debtor. Tr. 2:2-3 (June 29, 2022). At the status conference the Appellant informed the Court that the Debtor had sold the Property. Tr. 2:18-19 (June 29, 2022). The Appellant represented to the bankruptcy court that the Motion to Sell was withdrawn because the Property had already been sold. *Id.* The bankruptcy court entered a show cause from the bench, directing the Debtor to appear and explain why her case should not be dismissed. Tr. 3:7-9 (June 29, 2022) and (D.E. 34).

On July 4, 2022, the thirty-fourth month of her sixty-month Plan, the Trustee's office received an electronic payment from the Debtor totaling $5,481.00. Tr. 25:19 – 26:4 and 44:11-14 (August 17, 2022). The Debtor testified that she understood $5,481.00 to be the unpaid balance of her chapter 13 plan. *Tr.* 25:19-25 (August 17, 2022).

On July 15, 2022, the Trustee filed a Motion to Modify Plan, or in the Alternative, Convert this Case to one under Chapter 7 or, in the Alternative, Dismiss this Case with Prejudice ("Trustee's Motion"). (D.E. 36). The Trustee's Motion sought to modify the Plan to increase payments to unsecured creditors to account for the additional equity the Debtor received in excess of her claimed exemption in the value of the Property.

On July 19, 2022, the Appellant filed a Memorandum of Law regarding Show Cause on behalf of the Debtor. (D.E. 38). This filing contained, in pertinent part, the following argument:

> The confirmed plan provided for plan payments of $12,180.00. The final amount due under the plan was posted to the trustee's ledger on July 4, 2022. Pursuant to §l328(a), as soon as practicable after completion of all payments under the plan the court shall grant a discharge. The Debtor paid all the payments due under the plan prior to the issuance of the "show cause" and as such the court is prevented from dismissing the case. To dismiss a case where the plan has confirmed and the confirmed plan payoff has occurred violates §1327 and §1328.

(D.E. 38 p. 24).

In response to the Trustee's Motion, the Appellant, on behalf of the Debtor, filed a Response in Opposition to Motion to Modify Plan on August 5, 2022. (D.E. 44). Within pars. 11 and 12 of this filing, the following argument is made "All parties are barred from modifying the plan because plan payments are complete." (D.E. 44).

The Bankruptcy Administrator filed a Response in Support of Motion to Modify Plan on August 9, 2022. The Appellant filed an additional Memorandum of Law Opposing Trustee's Motion on August 16, 2022. (D.E. 46). The bankruptcy court held a hearing on the Trustee's Motion, all responses thereto, and the court's show cause on August 17, 2022. (D.E. 40).

The Debtor provided the following testimony regarding the sale of the Property at the Hearing on August 17, 2022:

- that she signed an Offer to Purchase and Contract on April 12, 2022. Tr.

19:14-21 (August 17, 2022).

- that the Property was transferred on May 26, 2022. *Id.* 21:12-14.

- that she received $94,408.10 in net proceeds from the sale of the Property. *Id.* 30:20-25.

During the hearing on August 17, 2022, the Appellant acknowledged that he did not consult with the Debtor, prior to filing the Withdrawal Motion. *Id. 86:12-87:11.*

At the conclusion of the hearing on August 17, 2022, the bankruptcy court ruled that: "this case is going to be a dismissal of the Chapter 13 case. It will be dismissed with prejudice for a period of five years for any future filing." The bankruptcy court stated further: "I'm also going to set a hearing for sanctions against counsel as well as the debtor. I will set that for 30 days hence or so." *Id.* 112:5-7. On February 10, 2023, the bankruptcy court entered an Order Dismissing Case and Barring Future Petitions. (D.E. 70).[3]

The bankruptcy court held the show cause hearing on November 2, 2022 ("Sanctions Hearing"). (D.E. 64). At the outset of the Sanctions Hearing, the Bankruptcy Administrator informed the court that he was not requesting any sanction beyond the dismissal with five-year refiling bar already assessed against

---

[3] The bankruptcy court's Order of February 10, 2023, is the subject of a related appeal by the Debtor – Case No. 5:23-cv-00082-FL.

the Debtor for her conduct. Tr. 5:6-14 (November 2, 2022). The court did not assess

any additional sanctions against the Debtor. *See*, Order on Appeal.

During the Sanctions Hearing, the Bankruptcy Administrator presented

argument and evidence that the following conduct of the Appellant warranted the

imposition of sanctions. First, that the Appellant assisted the Debtor in the sale of

the Property, which was a violation of the terms of the confirmed Plan; more

specifically, provision 7.2 of the Debtor's Plan (D.E. 20), the Order Confirming Plan

(D.E. 12), and the Order and Notice (D.E. 8). Second, that the Appellant lacked

authority to file the Withdrawal Motion, and that the Withdrawal Motion was

misleading and failed to contain the following material and pertinent facts – that the

sale of the Property had occurred, and the Debtor was holding on to the proceeds of

sale, approximately $94,408.10. Lastly, that the Appellant advised and assisted the

Debtor in violation of E.D.N.C. LBR 4002-1(g)(4).

With respect to the first ground, the bankruptcy court found that the

Bankruptcy Administrator had presented clear and convincing evidence that the

Appellant "through his representation of the Debtor, assisted the Debtor in violating

the Order and Notice to Debtor and the Confirmation Order." Order on Appeal par.

26. With respect to the second ground, the bankruptcy court found that a violation

of FED. R. BANKR. P. 9011(b) had occurred, the Withdrawal Motion "was

misleading, and it may have been filed for the improper purpose of attempting to

avoid court oversight over the sale and the Sale Proceeds." Order on Appeal par. 29. Finally, with respect to the alleged Local Rule violation, the bankruptcy court found that the Appellant willfully failed to comply with the Local Rule. Order on Appeal par. 30.

In determining the amount of sanction to assess, the bankruptcy court considered the Appellant's actions in another case in the district. Order on Appeal par. 31. In that matter, the Honorable U.S. Bankruptcy Judge Pamela W. McAfee found the Appellant had committed professional misconduct and issued a sanction against the Appellant on April 20, 2023. *In re Stephen Beasley*, No. 21-02322-5-PWM (Bankr. E.D.N.C. filed April 20, 2023). ("Beasley Order"). (Beasley Case D.E. 230). The Court found that the Appellant failed to alert opposing counsel, the trustee, or the bankruptcy administrator that his client transferred an asset of the estate, a Corvette, to an undisclosed creditor during the pendency of the case. (Beasley Case D.E. 205). In that matter, the Appellant argued that the Bankruptcy Code imposes no requirement on Chapter 13 debtors to seek authorization from the Court to transfer property of the bankruptcy estate, as a result he had no personal duty to disclose to the Court that the debtor had made the transfer. Beasley Order p. 25. The Court disagreed with the Appellant's position and found his conduct had violated North Carolina Rules of Professional Conduct 3.3(a) and 3.3(b) for lack of Candor Toward the Tribunal. (Beasley Case D.E. 230).

## SUMMARY OF THE ARGUMENT

This Court should affirm the Sanctions Order entered by the bankruptcy court. The court was correct in determining the Debtor was prohibited from transferring the Property without court authorization, that the Appellant knowingly assisted the Debtor in transferring the Property, and that the issuance of a monetary sanction was appropriate. The Appellant's Brief focuses solely on the validity and applicability of the Local Rule and makes no assertion that the court erred in finding he filed a misleading document and in violation of FED. R. BANKR. P. 9011(b). The Appellant has waived the ability to contest the court's finding that he violated FED. R. BANKR. P. 9011(b) and the entry of monetary sanctions as a result of that violation.

## ARGUMENT

**I.  THE BANKRUPTCY COURT DID NOT ERR IN SANCTIONING THE APPELLANT FOR ASSISTING AND ADVISING THE DEBTOR TO VIOLATE COURT ORDERS AND THE LOCAL RULE.**

### A. The Property was not exempted from the bankruptcy estate and was "non-exempt" for purposes of the Local Rule.

The Appellant's argument is premised entirely on the inapplicability of the Local Rule[4] to the sale of the Property. The Appellant's argument is incorrect.

---

[4] The issue of whether the Local Rule is valid or applicable to the Debtor's situation is the subject of a related appeal of the Dismissal Order. This appeal is presently before this Court in Case No. 5:23-cv-00082-FL, and has been fully briefed by the

The act of filing a bankruptcy petition creates an estate, and § 541 of the Bankruptcy Code identifies for all chapters of title 11 the property interests included in that estate. The date of that determination is generally the petition date, and in chapter 13 cases the temporal boundaries of § 541 are expanded by § 1306(a).

Notwithstanding the creation of an estate by § 541, a debtor is permitted to exempt from that estate certain property specified under either the federal exemption scheme provided in § 522(d) or, if State law applicable to a particular debtor does not authorize use of those exemptions, property specified under other Federal law or the law of the State in which the debtor has been domiciled per the specifications in § 522(b)(3)(A). See, § 522(b)(1). North Carolina has not authorized its residents to use Federal exemptions found in § 522(d), and there is no dispute in this case the Debtor satisfied the domicile requirements of § 522(b)(3)(A) to justify her use of North Carolina exemptions, including those provided in N.C. Gen. Stat. § 1C-1601. Among the exemptions available to the Debtor was this State's dollar-limited homestead exemption, which reads, in pertinent part:

> (a)        Exempt Property. – Each individual, resident of this State, who is a debtor is entitled to retrain free from the enforcement of the claims of creditors:

Appellant and Appellees. The Appellees provide a truncated version of that argument within this brief.

(1)    The debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, …

N.C. Gen. Stat. § 1C-1601(a)(1).

The Debtor claimed on Schedule C-1 a homestead exemption of $32,348.81 in the Property which she valued on Schedule A/B at $150,000.00.

In its order dismissing the Debtor's case, the bankruptcy court relied on a Fourth Circuit opinion in which joint debtors in a chapter 7 case claimed a North Carolina homestead exemption of $60,000.00 in residential property valued at $325,000.00. *See*, *Reeves v. Callaway*, 546 Fed. Appx. 235 (4th Cir. 2013). The debtors in *Reeves* argued their claim of North Carolina's dollar-limited homestead exemption meant their residence was removed entirely from the bankruptcy estate but the Fourth Circuit disagreed finding, "[t]he fatal flaw in [d]ebtors' position is that it ignores the distinction between exempting an asset itself from the bankruptcy estate and exempting an interest in such asset from the bankruptcy estate." *Id.,* at 239. The *Reeves* court quoted the United States Supreme Court in its opinion that,

[w]here a debtor . . . exempt[s] nothing more than an interest worth a specified dollar amount in an asset that is not subject to an unlimited or in-kind exemption under the [Bankruptcy] Code, . . . title to the asset will remain with the estate pursuant to § 541, and the debtor will be guaranteed a payment in the dollar amount of the exemption [if the property is sold].

14

*Id.*, at 240-41 (citing, *Schwab v. Reilly*, 560 U.S. 770, 792 (2010)).

Applying the analyses of *Schwab* and *Reeves* to the instant case, it is apparent the Debtor did not exempt the entirety of the Property from the bankruptcy estate by claiming a homestead exemption for less than the Property's full value. The Debtor instead guaranteed her payment in the dollar amount of that exemption if the Property was ever sold. The Property otherwise remained property of the bankruptcy estate for purposes of the Local Rule, even if its inclusion in the estate generated no immediate benefit to unsecured creditors from a liquidation analysis under § 1325(a)(4).

The Local Rule qualifies its application to property based on two factors. The property must: 1) be "non-exempt"; and 2) have a fair market value of more than $10,000.00, a clear design to target property which has not been fully and completely exempted from the bankruptcy estate, while also avoiding property transactions which are less likely to have an impact on administration of the case. The most rational basis for delineating between "exempt" and "non-exempt" property in the context of the Local Rule is comparing the value of the exemption claimed to the full value of the property to which the exemption applies. If the former does not equal to or exceed the latter, then the property is not "exempt;" it is "non-exempt." In this case, the Debtor listed the value of the Property on Schedule A/B at $150,000.00, and there is no dispute the Property maintained at

least that value from the petition date until it was sold in June 2022. On its face, the dollar amount of the Debtor's claimed exemption did not equal or exceed the value of the Property, and therefore under the *Schwab* and *Reeves* analyses, the Property remained property of the bankruptcy estate. The bankruptcy court has previously provided this same analysis to the Appellant, as noted in the Order on Appeal.[5] There is no support for the Appellant's limited interpretation of the term "non-exempt" in *Schwab* or any other relevant case law, and no reason to so limit the term when used in the context of the Local Rule. This is even more apparent considering the bankruptcy court presiding over the Debtor's case has previously interpreted the Local Rule for the benefit of the Appellant, as mentioned above. Furthermore, to accept the Appellant's argument is to render the Local Rule meaningless in nearly any scenario. Under the Debtor's argument, even a de minimis claim of exemption, say for $1.00 under North Carolina's "wildcard" exemption statute of N.C. Gen. Stat. § 1C-1601(a)(5), would be sufficient to render any asset "exempt" for purposes of the Local Rule. The Local Rule should not be interpreted in a manner which renders it superfluous and without meaning or application.

It was evident from the facts of this case and the prior rulings of the

---

[5] *See*, Order on Appeal par. 18; and *In re Pulliam*, No. 19-03887-5-DMW, 2020 WL 1860113 (Bankr. E.D.N.C. April 13, 2020).

bankruptcy court interpreting the Local Rule that its provisions applied to the Property in this case. The Debtor's filing of the Motion to Sell the Property, which requested she be "permitted" to sell the Property, which was later withdrawn, could also be construed as an acknowledgement by the Appellant that the Local Rule and orders of the court were applicable.

## B. THE APPELLANT HAS WAIVED ANY ARGUMENT RELATING TO THE BANKRUPTCY COURT'S SANCTION UNDER FED. R. BANKR. P. 9011.

The Appellant's Brief fails to address or raise any argument in relation to the court's finding there was clear and convincing evidence that the filing of the Withdrawal Motion violated FED. R. BANKR. P. 9011(b). Tr. 117:23-118:4 (November 2, 2022), Order on Appeal pars. 26 & 29. Having failed to raise the argument in his opening brief to this Court, the Appellant has forfeited any right to contest the bankruptcy court's order on that basis. See *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("[C]ontentions not raised in the argument section of the opening brief are abandoned"); and, *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) (issues not briefed in argument section of appellant's opening brief deemed abandoned, and "appellant cannot remedy the situation by raising the issue in his reply brief").

Within the Order on Appeal, the Court unambiguously found that the Appellant violated FED. R. BANKR. P. 9011(B) when he filed the Withdrawal Motion

because it "was misleading, and it may have been filed for the improper purpose of attempting to avoid court oversight over the sale and the Sale Proceeds." Order on Appeal par. 29. "If the reasonably foreseeable effect of […] representations to the bankruptcy court was to mislead the court, they cannot be said to have complied with Rule 9011." *In re Taylor*, 655 F.3d 274, 283 (3d Cir. 2011).

The Order on Appeal can be affirmed on this basis alone.

## CONCLUSION

The bankruptcy court was correct in determining the Debtor was prohibited from transferring the Property without court authorization, that the Appellant knowingly assisted the Debtor in transferring the Property, and that the issuance of a monetary sanction was appropriate. The Appellant has waived the ability to contest the court's finding that he violated FED. R. BANKR. P. 9011(b) and the entry of monetary sanctions as a result of that violation and therefore this Court should affirm the Sanctions Order entered by the bankruptcy court.

Respectfully submitted this, the 18th day of October, 2023.

By:                                        By:

*Michael B. Burnett, Trustee*              *Brian C. Behr, Bankruptcy Administrator*
Michael B. Burnett                         Brian C. Behr, Bankruptcy Administrator
Chapter 13 Trustee                         NC State Bar No. 36616
N.C. State Bar No. 42719                   Kirstin Gardner, Staff Attorney
P.O. Box 61039                             N.C. State Bar No. 52144
Raleigh, NC 27661-1039                     434 Fayetteville Street, Suite 640

Tel:  919-876-1355                    Tel: 919-334-3889
mburnett@ralch13.com                  brian_behr@nceba.uscourts.gov
                                      kirstin_gardner@nceba.uscourts.gov

## CERTIFICATE OF COMPLIANCE

I hereby do certify that this Brief of Appellees complies with FED. R. OF

BANKR. P. 8015(a)(7)(B)(i), and that this Brief contains a total of 4,352 words.

By:    *Brian C. Behr*
Brian C. Behr, Bankruptcy Administrator
N.C. State Bar No. 36616

## STATEMENT REGARDING ORAL ARGUMENT

The Appellees believe the facts and legal contentions are adequately presented

in the materials before the Court, and therefore requests the Court dispense with oral

argument.

19

## **CERTIFICATE OF SERVICE**

I, Kirstin E. Gardner, do hereby certify I served the attached Brief of Appellees upon the parties listed below by mailing a copy thereof to said parties at the address indicated below with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, or by the ECF System as allowed by law.

*Served via ECF*:

Travis P. Sasser
Sasser Law Firm
2000 Regency Parkway, Suite 230
Cary, N.C. 27518


I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this, the 18th day of October, 2023.

*s/Kirstin E. Gardner, Staff Attorney for BA*
Kirstin E. Gardner, Staff Attorney for BA
P.O. Box 61039
Raleigh, N.C. 27661-1039