# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No. 5:23-CV-00411-FL

| | |
|---|---|
| **TRAVIS PHILIP SASSER,** | ) |
| **Appellant.** | ) |
| v. | ) |
| **MICHAEL BURNETT, TRUSTEE, AND BANKRUPTCY ADMINISTRATOR,** | ) |
| **Appellees.** | ) |

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

## REPLY BRIEF OF APPELLANT

Travis Sasser
SASSER LAW FIRM
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: (919) 319-7400
Fax: (919) 657-7400
travis@sasserbankruptcy.com
NC State Bar No. 26707
*Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………….3

ARGUMENT ………..………………………………………………………..5

CONCLUSION ................................................................................................15

CERTIFICATE OF COMPLIANCE ......................................................................17

CERTIFICATE OF SERVICE ..............................................................................18

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Arnold,* 869 F.2d 240 (4th Cir. 1989)……………………………………..……5

*CX Reinsurance v. Johnson*, 977 F.3d 306 (4th Cir. 2020)…………………..…….7

*Murphy v. O'Donnell*, 474 F.3d 143 (4th Cir. 2007)……………………….…….5

*No v. Gorman*, 891 F.3d 138 (4th Cir. 2018)……………………………………….…7

*In re Pulliam*, 2020 Bankr. LEXIS (Bankr. E.D.N.C. 2020)……………....6, 12, 13

*Reeves v. Callaway*, 546 Fed. Appx. 235 (4th Cir. 2013)……………………….6, 8, 11

*In re Robinson*, 2020 Bankr. LEXIS 3769, FN 3 (Bankr. E.D.N.C. 2020)………...6

*Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S.Ct. 696 (2020)…...14

*Schwab v. Reilly*, 560 U.S. 770 (2010)……………………………………….6, 8, 11

**STATUTES**

11 U.S.C. §363………………………………………………………………….…6, 7

11 U.S.C. §1303…………………………………………………………………….…7

11 U.S.C. §1306…………………………………………………………………..5, 15

11 U.S.C §1322……………………………………………………………………….5, 8

11 U.S.C. §1325………………………………………………………………………8

11 U.S.C. §1327……………………………………………………....5, 6, 7, 9, 12, 15

11 U.S.C. §1329……………………………………………………………….6, 10, 12

28 U.S.C. §3203……………………………………………………………………..11

N.C. Gen Stat §1C-1601……………………………………………………….…..10

N.C. Gen Stat §1C-1603……………………………………………………….……11

**OTHER AUTHORITIES**

Federal Bankruptcy Rule 3015……………………………………………………….12

Federal Bankruptcy Rule 6004………………………………………………………...7

Federal Bankruptcy Rule 9011……………………………………………………….13

Federal Bankruptcy Rule 9030……………………………………………………...……9

E.D.N.C. LBR 4002-1(g)(4) (aka The Local Rule)……………………….…….*passim*

## ARGUMENT

The terms of the confirmed plan were not violated. Plan provision 8.1 did not restrict the Debtor's use of sale proceeds. Plan provision 8.1 reiterated the impact of plan confirmation under 11 U.S.C. §1327[1]. The Debtor elected pursuant to §1322(b)(9) and plan provision 7.1 to have the estate property vest back with her at plan confirmation. This includes, but is not limited to, the residential property located at 3948 Wendy Lane in Raleigh, North Carolina (hereafter referred to as "Residence"). The effect of vesting is that estate property ceases to be property of the bankruptcy estate. Vesting at confirmation is the statutory presumption under §1327(b). However, the result would have been the same had the Debtor delayed vesting until discharge since §1306(b) provides that the debtor remains in possession of all property of the estate unless a plan provides otherwise. Plan provision 8.1 prevented the bankruptcy court from using a sale to modify the plan without utilizing the plan modification substance of §1329 and the procedure of Federal Bankruptcy Rule 3015(h). In the Fourth Circuit, post-confirmation plan modification has an extra-statutory requirement of the change of financial circumstances being "substantial and unanticipated." *In re Arnold*, 869 F.2d 240 (4th Cir. 1989) and *Murphy v. O'Donnell*, 474 F.3d 143 (4th Cir. 2007). Plan modification is not easily

---

[1] Hereafter, references to sections of the Bankruptcy Code will be abbreviated by section number only. For example, 11 U.S.C. §1327 shall be §1327 or Section 1327.

5

Case 5:23-cv-00411-FL    Document 22    Filed 11/01/23    Page 5 of 18

accomplished. The trustee attempted to modify the plan in this case and the Debtor opposed it. Had the trustee been successful then the Debtor would have been required to pay in the required payments or the case would have been dismissed for failure to comply. The underlying and incorrect premise of the Appellees' brief and the Bankruptcy Court's holding is that every sale automatically results in a modified plan. Post-confirmation modification requires the plan proponent to carry her burden of proof as to the requirements under §1329 and the "substantial and unanticipated change" required in the Fourth Circuit.

The effect of confirmation was to fully and completely remove the Residence from the bankruptcy estate and as such E.D.N.C. LBR 4002-1(g)(4) (hereafter "The Local Rule") was not violated. The basis for The Local Rule may be §363(b) and Bankruptcy Rule 6004. See *In re Robinson,* 2020 Bankr. LEXIS 3769, fn. 3 (Bankr. E.D.N.C. Dec. 14, 2020). Section 363(b) governs the use, sale or lease of estate property. The Residence was not estate property and as such, The Local Rule did not apply. Because *Schwab*[2], *Reeves*[3] and *Pulliam*[4] did not address §1327(b), those holdings did not dictate the outcome of this case. Indeed, the determinative

---

[2] *Schwab v. Reilly*, 560 U.S. 770 (2010). Hereafter this holding will be referred to as "*Schwab*".
[3] *Reeves v. Callaway*, 546 Fed. Appx. 235 (4th Cir. 2013). Hereafter this holding will be referred to as "*Reeves*".
[4] *In re Pulliam*, 2020 Bankr. LEXIS (Bankr. E.D.N.C., 2020). Hereafter this holding will be referred to as "*Pulliam*".

component of those holdings was whether the subject property was property of the bankruptcy estate or not. Since the Residence was not property of the bankruptcy estate due to vesting at confirmation, The Local Rule did not apply. The Appellees' brief claims that the Residence "remained property of the bankruptcy estate for purpose of the Local Rule." There is no authority to suggest that property can vest with the chapter 13 debtor at confirmation for certain purposes but remain estate property for purposes of a local rule of bankruptcy procedure. "[I]t is a matter of common sense and statutory prescription that local rules of procedure 'must be' 'read together' with the federal rules to ensure the consistency required 'both by statute and rule'. *CX Reinsurance v. Johnson*, 977 F.3d 306, 311 (4th Cir. 2020). "A local rule of bankruptcy procedure cannot be inconsistent with the Bankruptcy Code." *No v. Gorman*, 891 F.3d 138, 141 (4th Cir. 2018). The Appellees' brief does not engage with §1327(b) or §1327(c). Notably, the Appellees claim that for purposes of The Local Rule, the Residence remained property of the bankruptcy estate but apparently not for purposes of §1303, §363 and Federal Bankruptcy Rule 6004 where the sale of estate property would merely require a prior notice but not a court order. The Appellees provide no explanation of how The Local Rule is not duplicative or inconsistent with the Bankruptcy Code as to sales of estate property.

Alternatively, if The Local Rule is not connected to §363(b) and Bankruptcy Rule 6004, then the Residence was not "non-exempt property", and The Local Rule did

not apply. *Schwab* and *Reeves* were chapter 7 cases. The holding in *Schwab* was that it was not necessary for a chapter 7 trustee to object to dollar limited exemptions in order for the property to be preserved in the bankruptcy estate and susceptible to liquidation. *Schwab* did not address §1327(b). *Schwab* did not address the meaning of "non-exempt property". The nonbinding holding in *Reeves* was that a chapter 7 trustee could sell property that an exemption had been claimed in. Neither *Schwab* nor *Reeves* determined the definition of "exempt property" or "non-exempt property". Rather *Schwab* and *Reeves* determined the effect of the claim of a dollar limited exemption in a chapter 7 case.

The Appellees assert that the Debtor's claim of a homestead exemption merely guaranteed that she would receive the dollar amount of the exemption if the Residence was sold. Although the Appellant would agree with this analysis in a chapter 7 case, it is incorrect in chapter 13. The purpose of the exemption in chapter 13 is to establish the floor for repayment under the "liquidation test" contained in §1325(a)(4). The liquidation test is based upon "the effective date of the plan". The liquidation test is based on a fixed point of time. Over the course of a three to five year plan, a number of dynamics could come to bear. In the context of a dwelling, this would include housing market appreciation or depreciation, mortgage principal reduction, home improvements or degradation, attentive maintenance or neglect, and currency inflation or deflation. The confirmed plan does not provide that the Debtor

agreed to be limited to the dollar amount of the exemption if she sold the Residence. The Debtor's plan did not provide that the Residence would be sold or what would occur if it was sold. This plan did not have a liquidating component pursuant to §1322(b)(8). In chapter 13, the liquidation of assets is optional and whether to devote sale proceeds to the plan is a function of the plan itself as originally confirmed or subsequently modified. In this case, the Debtor's confirmed plan provided that the bankruptcy estate property would vest back with her at confirmation. Whether the Debtor chose to retain or sell the Residence was irrelevant to the functioning of the plan which was funded with ongoing income. Since the Residence was wholly exempt, the value of the Residence was irrelevant to the computation of the liquidation test. The chapter 13 plan is a binding contract pursuant to §1327(a) and is res judicata as to all issues related to the plan including asset valuation, the satisfaction of the liquidation test, the timing of when property vests back with the debtor and whether or not the plan would have a liquidating component. The Debtor had an absolute right to sell the Residence without a court order. A local rule of bankruptcy procedure cannot extend jurisdiction under Federal Bankruptcy Rule 9030. A local rule of bankruptcy procedure cannot abridge or modify substantive rights. The trustee or the holder of a general unsecured claim has standing to seek a plan modification.

If the Appellees are correct, a chapter 13 debtor who sells property during a case would have to overpay the liquidation test amount. For example, a debtor owned a residence with a value of $95,000.00 upon which there was no mortgage and a $35,000.00 homestead exemption was claimed. The confirmed plan provided that $60,000.00 would be paid in monthly installments of $1,000.00 in order to satisfy the liquidation test. In month 50 of the plan, the debtor sells the residence for $95,000.00. The debtor had already paid $50,000.00 and according to the Appellants the debtor would have to remit an additional $60,000.00 because that is the amount of the proceeds that exceeds the exemption amount. This is nonsensical and not what the law requires, or the plan provided for. In this case, the Debtor's confirmed plan provided that she would pay $12,180.00 into her plan, and that is what she paid. Any attempt to modify the confirmed plan must follow the strictures of §1329 and Federal Bankruptcy Rule 3015(h).

The Appellees incorrectly claim that the Residence was not fully exempt.[5] The Appellees are ignoring NC Gen Stat §1C-1601(b)(2) that provides value is the fair market value of an individual's interest in property, less valid liens. In this case the Debtor exempted all of her interest in the Residence. The term "non-exempt

---

[5] The Appellees and Judge Warren differ as to what qualifies as non-exempt property. The Appellees would concede that a $35,000.00 residence owned in Fee Simple subject to a $35,000.00 exemption would be exempt. Judge Warren's position is that such a residence would be non-exempt property.

property" should be considered property to which no exemption has been applied. As under federal judgment execution law (28 U.S.C. §3203(a)) and North Carolina execution law (NC Gen Stat §1C-1603(e)(10)), property that is not fully exempt may be liquidated in a chapter 7 bankruptcy case. However, that does not mean that the property is "non-exempt property". Exempt property is property to which an exemption has been applied and is not limited to an asset for which an unlimited exemption has been claimed. However, even if this Court adopts the position that this term only applies to property that has been fully exempted then The Local Rule did not apply to the sale of the Residence as all of the value was claimed as exempt.

The Appellees ignore the effect of confirmation and the vesting of the estate property back with the Debtor at that time. The Residence was not property of the bankruptcy estate when it was sold. It was owned by the Debtor and not subject to any limitation from the bankruptcy court with regards to a sale outside the ordinary course. A bankruptcy court has no power to use rules or procedure to exercise control over the Residence or the proceeds from the sale of the Residence.

The term "non-exempt property" was added to The Local Rule in 2004. The 6-3 *Schwab* holding was issued in 2010. *Reeves* was issued in 2013. There is no reason to think The Local Rule was to be applied with a distinction between property claimed pursuant to dollar limited exemption as opposed to an in-kind exemption. If that was the intended result, The Local Rule should have been drafted differently. A

bankruptcy court has a very limited role in the sale of bankruptcy estate property and no role with regards to the sale of non-estate property. As to estate property, the bankruptcy court adjudicates disputes brought by objecting parties as to whether or not the proposed use, sale or lease is a proper exercise of a debtor's business judgment. Plan modifications are addressed under §1329 and BR 3015(h) and must be initiated by the debtor, the trustee or the holder of an unsecured claim. The court cannot initiate a plan modification, but rather can only disallow a proposed modification. A plan modification changes the terms of the repayment plan, but it does not allow a bankruptcy court to exercise dominion over assets. The entire focus of *Pulliam* was on whether property was property of the bankruptcy estate or not. *Pulliam* did not address §1327(b). The context of "non-exempt property" in The Local Rule as understood by the analysis in *Pulliam* indicates that if property is not property of the bankruptcy estate, then The Local Rule does not apply. Employing Judge Warren's analysis, a way that property can be removed from the bankruptcy estate is by claiming the property as exempt under an in-kind exemption such as Tenancy by Entirety, the right to receive domestic support, IRA accounts, personal injury compensation and professionally prescribed heath aids. Another way to remove property from the estate is by having it vest with the debtor at confirmation under §1327(b) which is what occurred in this case and was not addressed in *Pulliam*. *Pulliam* is not binding precedent. *Pulliam* was a case about plan

confirmation and stated that the bankruptcy court could not issue advisory holdings anticipating whether The Local Rule would apply. There is no authority to support the dicta in *Pulliam* when the totality of the equity in property is claimed as exempt under a dollar limited exemption that such property is considered "non-exempt property". The *Pulliam* dicta does not rise to the level of law under Federal Bankruptcy Rule 9011(b)(2). The Bankruptcy Court should not be able to invent a rule giving itself power and interpret that rule without regard to the Bankruptcy Code, Federal Bankruptcy Rules or North Carolina exemption law and employ esoteric and contorted definitions to achieve a substantive outcome.

The Appellees' assert that the Appellant waived his right to contest the imposition of sanctions based on the Withdraw of the Motion to Sell and that all or part of the $15,000.00 in sanctions should be attributable to the withdrawal. The Bankruptcy Court order found as follows:

> *The BA believes the Withdrawal may constitute a violation of Bankruptcy Rule 9011, and the court agrees. The Withdrawal was misleading, and it may have been filed for the improper purpose of attempting to avoid court oversight over the sale and the Sale Proceeds.*

The court's show cause was issued based on violation of The Local Rule. There was no notice from the court that part of the show cause related to the withdrawal of the Motion. What triggered the sanction was the failure to inform the Debtor that a court order was needed prior to the sale. The rationale behind the Appellant's position was addressed in the main brief. It would be inappropriate to

sanction Appellant for withdrawing an unnecessary motion. To the extent that this Court overrules the Bankruptcy Court as to the failure to comply with The Local Rule but finds that Appellant waived any appeal rights regarding the withdraw of the Motion to Sell, the matter should be remanded to the Bankruptcy Court to ascertain the appropriate sanction. There are multiple reasons why the withdrawal alone is not sufficient to result in a $15,000.00 sanction where this Court finds The Local Rule was not violated.

First, the Motion to Sell did not ask for retroactive (aka/ nunc pro tunc) relief.[6] As such, the Motion to Sell was moot upon the sale and the prosecution of the Motion to Sell would have accomplished nothing and would rightfully have been denied.

Second, the Motion to Sell only sought permission for the sale of the Residence. The Motion to Sell did not contemplate the Bankruptcy Court having any control over sale proceeds and there is no legal justification for such control. Any attempt to control the sale proceeds would violate plan provision 8.1 which was binding on all parties including the court itself.

Finally, the record indicates that the Appellees were notified of the sale within hours of when the Appellant was notified and that the notification of the trustee

---

[6] The U.S. Supreme Court has recently held that "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact. *Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S.Ct. 696, 701 (2020).

follows the direction of the ORDER AND NOTICE TO DEBTOR issued by the Bankruptcy Court on September 20, 2019, where it states: "You must notify your attorney and trustee of any substantial changes in your financial circumstances, including substantial changes in your income, expenses, or property ownership." Conversely, there is no requirement that the withdrawal of a Motion contains details as to why the Motion is being withdrawn. That the Motion to Sell was moot was a good reason especially since the Debtor already possessed all the net proceeds as she was entitled to do. The Bankruptcy Court held that the purpose of The Local Rule was so that the sale proceeds could be controlled while the trustee filed a plan modification. Setting aside that such control is a violation of plan provision 8.1, §1306(b), §1327(b), and §1327(c), in this case it made no difference. All parties were free to seek a plan modification and in fact the trustee sought a modification. No harm resulted. The Debtor possessed the sale proceeds which is what plan provision 8.1 and §1306(b) mandated. There is no difference between the trustee receiving plan payments under a modified plan from the Debtor as opposed to coming from an escrow account.

## CONCLUSION

The Local Rule was not violated, and the Bankruptcy Court erred in sanctioning the Appellant.

Respectfully submitted, this the 1st day of November 2023.

/s/ Travis Sasser
Travis Sasser
SASSER LAW FIRM
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: (919) 319-7400
Fax: (919) 657-7400
travis@sasserbankruptcy.com
NC State Bar No. 26707
*Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply Brief complies with Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) and that this Reply Brief contains a total of 3,279 words.

/s/ Travis Sasser
Travis Sasser
SASSER LAW FIRM
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: (919) 319-7400
Fax: (919) 657-7400
travis@sasserbankruptcy.com
NC State Bar No. 26707
*Appellant*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing REPLY BRIEF OF APPELLANT was served on the parties listed below through the CM/ECF system.

Bankruptcy Administrator
*Served electronically via CM/ECF*

Michael Burnett, Chapter 13 Trustee
*Served electronically via CM/ECF*

This the 1st day of November, 2023.

/s/ Travis Sasser
Travis Sasser
SASSER LAW FIRM
2000 Regency Parkway, Suite 230
Cary, NC 27518
Tel: (919) 319-7400
Fax: (919) 657-7400
travis@sasserbankruptcy.com
NC State Bar No. 26707
*Appellant*